IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**MELISSA WHITE**                                                                                                    **PLAINTIFF**

**V.**                                                             **CIVIL ACTION NO.:** 3:20-cv-670-HTW-LRA

**KEMPER COUNTY, MISSISSIPPI**                                                              **DEFENDANT**

**COMPLAINT**
**JURY TRIAL DEMANDED**

  **COMES NOW** Plaintiff, Melissa White, by and through counsel, Watson & Norris, PLLC, and files this action against her former employer Defendant Kemper County, Mississippi, for violation of the Family Medical Leave Act of 1993 (FMLA), as amended, the Fair Labor Standards Act (FLSA), Title VII of the Civil Rights Act of 1964 for Sex Discrimination and Retaliation and the Equal Pay Act. In support of this cause, Plaintiff would show unto the Court the following facts to-wit:

**THE PARTIES**

  1. Plaintiff, Melissa White, is an adult female citizen of Kemper County, Mississippi. Plaintiff had worked for Defendant for more than twelve months and had worked at least 1250 hours in the previous twelve months. Thus, she was an eligible employee within the meaning of the FMLA, the FLSA, Title VII and the Equal Pay Act.

  2. Defendant, Kemper County, Mississippi, may be served with process by serving the President of the Kemper County Board of Supervisors, Pat Granger, 280 Veterans Street, DeKalb, Mississippi 39328. Defendant employs more than 50 employees within a 75-mile radius and, thus, is a covered employer within the meaning of the FMLA, the FLSA, Title VII and the Equal Pay Act.

**JURISDICTION**

3. This Court has federal question jurisdiction for actions that arise under the Family Medical Leave Act of 1993 (FMLA), the Fair Labor Standards Act (FLSA), Title VII of the Civil Rights Act of 1964 and the Equal Pay Act

4. Plaintiff timely filed a Charge of Discrimination with the EEOC on April 17, 2020, a true and correct copy of which has been attached as Exhibit "A." The EEOC issued a Right to Sue on August 12, 2020, a true and correct copy of which has been attached as Exhibit "B."

5. This Court has personal and subject matter jurisdiction over the Defendant and venue is proper in this Court.

**STATEMENT OF FACTS**

6. Plaintiff is a 55-year old female resident of Kemper County, Mississippi.

7. Plaintiff was hired on June 15, 2016 as a Deputy Sheriff by the Kemper County Sheriff's Department. Plaintiff's rate of pay was $12.36/hour at the time of her termination.

8. In Plaintiff nearly four years of employment, Ms. White has never been written up or had any disciplinary action taken against her.

9. Between March 16-20, 2020, Plaintiff had complained to Sheriff James Moore how all the male officers of the Kemper County Sheriff Department were paid more than she was.

10. Specifically, Wesley Hazlewood and Toby Pinson, both males, were part time Deputy Sheriffs performing duties identical to Plaintiff; however, their rate of pay was $17.56/hour.

11. Wesley Hazlewood and Toby Pinson performed exactly the same functions as Plaintiff as Deputy Sheriffs.

12. Despite the fact that Plaintiff only had part-time credentials, she regularly worked in excess of 40 hours each work week depending upon the duties that needed to be taken care of that often occurred without any prior notice such as committals, transports and unplanned absences of other employees.

13. There is a male officer in the department, Allen Griffin (Plaintiff's immediate supervisor and supervisor of road patrol), who also had part-time credentials.

14. Mr. Griffin was allowed to work full-time and receive full-time benefits, while Plaintiff, despite multiple requests to do so, was not.

15. Plaintiff had made complaints regarding the fact that she as a female was paid less than the similarly situated male officers several times prior to March 16-20, 2020.

16. On March 29, 2020, Plaintiff became ill with a fever.

17. Plaintiff contacted the Sheriff's office and reported that she had symptoms of illness, including a fever.

18. Chief Deputy Robert Joyner instructed Plaintiff to quarantine herself for 14 days, so she did.

19. Fourteen days later, on April 12, 2020, Plaintiff texted Allen Griffin to inquire about her hours when she returned to duty.

20. Allen Griffin responded by text that Plaintiff would return to her regular work hours.

21. Then on April 13, 2020, Allen Griffin called and then came to her house.

22. Allen Griffin informed Plaintiff that Sheriff Moore had decided she was terminated from her position. No reason was given for the termination.

23. Plaintiff filed for unemployment benefits and was eventually approved.

24. Upon hire, Plaintiff was told by Sheriff Moore and Robin Shows that her overtime pay would be any hours worked beyond eight hours per shift.

25. There was no deviation from this arrangement for approximately 18 months.

26. At the end of that time, without any warning, a paycheck was received by Plaintiff that did not include any overtime pay.

27. Sheriff Moore stated to Plaintiff that he could not pay her overtime any more the way he had originally agreed he would.

28. Plaintiff responded that she expected to be paid overtime pay for any hours she worked over 80 in a two week pay period.

29. Prior to being terminated, Plaintiff was denied benefits, paid disparate wages, subjected to different terms and conditions of employment and singled out concerning job assignments.

30. Even though Plaintiff complained to Sheriff Moore, nothing was ever done to address and correct Plaintiff's employment issues during her employment.

31. Plaintiff was discriminated against because of her sex (female) in violation of the Equal Pay Act and Title VII and was unlawfully retaliated against for complaining to Sheriff Moore regarding her disparate wages, being treated differently than her male co-workers, and being singled out concerning job assignments.

32. Plaintiff was the only female Deputy Sheriff.

33. Following Plaintiff's termination, Sheriff Moore has hired two male officers, Officer Sanders and Officer Allen, and at least one of these new male officers has assumed Plaintiff's duties.

34. Plaintiff worked successfully with no disciplinary actions and performed her work duties above expectations.

## CAUSES OF ACTION

## COUNT I:  VIOLATION OF FMLA

35. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 34 above as if fully incorporated herein.

36. Defendant willfully violated the FMLA by terminating Plaintiff after she quarantined herself for 14 days as instructed by Chief Deputy Robert Joyner.

37. Defendant terminated Plaintiff in retaliation for qualifying for and/or taking federally protected leave under the FMLA, 29 U.S.C. §2601 *et seq*.  It is unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under the FMLA.  In addition, it is unlawful for any employer to discharge or discriminate against any individual for opposing any practice made unlawful by the FMLA.

38. Defendant discriminated against Plaintiff and retaliated against her based on her need to utilize FMLA leave and terminated her employment in violation of the FMLA.

39. As a result of Defendant intentional, discriminatory and unconstitutional acts described above, Plaintiff has suffered and continues to suffer mental anguish, humiliation, emotional distress, all to her detriment and compensable at law.

40. The wrongful conduct of Defendant is evidenced by a consciously indifferent attitude towards employees' rights under the FMLA. As a result of this conduct, liquidated damages should be assessed against Defendant so as to deter this type of conduct in the future.

41. Plaintiff also seeks all other relief, at law or in equity, to which she may show herself justly entitled.

## **COUNT II: VIOLATION OF THE FAIR LABOR STANDARDS ACT**

42. Plaintiff alleges and incorporates all averments set forth in paragraphs 1 through 41 above as if fully incorporated herein.

43. Plaintiff was a non-exempt employee and subject to the provisions of the Fair Labor Standards Act as it pertains to whether or not Plaintiff was entitled to overtime pay for all overtime hours worked.

44. Plaintiff is considered non- exempt under the provisions of the Fair Labor Standards Act.

45. The Fair Labor Standards Act requires that all non-exempt employees be paid an overtime premium at a rate not less than one and one-half (1 ½) times the regular rate at which they are employed for all hours in excess of forty (40) hours in a work week.  29 U.S.C. § 207(a).

46. Plaintiff has not been properly paid overtime compensation under the Fair Labor Standards Act at a rate of 1 ½ her regular rate of pay.

47. The acts of the Defendant constitute a willful intentional violation of the Fair Labor Standards Act.

### COUNT III:  VIOLATION OF TITLE VII – SEX DISCRIMINATION AND RETALIATION

48. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 47 above as if fully incorporated herein.

49. Plaintiff was more than qualified for her position as Deputy Sheriff.

50. Plaintiff has been discriminated against in the terms and conditions of her employment on the basis of her sex, female, in violation of Title VII and retaliated against for complaining to Sheriff Moore regarding her disparate wages, being treated differently than her male co-workers, and being singled out concerning job assignments

51. Plaintiff is a member of a protected class, female.

52. Plaintiff has suffered an adverse employment action, termination, as a result of the Defendant's discriminatory and retaliatory treatment of Plaintiff.

53. The acts of the Defendant constitute a willful and intentional violation of Title VII of the Civil Rights Act of 1964, and entitle Plaintiff to the recovery of damages, both compensatory and punitive in nature.

### COUNT IV – VIOLATION OF THE FEDERAL EQUAL PAY ACT (EPA)

54. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 53 above as if fully incorporated herein.

55. The EPA prohibits payment of unequal wages "for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions." 29 U.S.C § 206(d)(i).

56. Plaintiff's co-workers, Wesley Hazlewood and Toby Pinson, both males, were part time Deputy Sheriffs like Plaintiff; however, their rate of pay was $17.56/hour whereas Plaintiff's rate of pay as a female part time Deputy Sheriff was $12.56/hour.

57. Based on the facts alleged herein, Defendant is liable to Plaintiff for violating the EPA.

58. In violating the EPA, Defendant acted willfully and with reckless disregard of the EPA, and its actions were neither in good faith nor based upon reasonable grounds that it was not violating federal law.

59. As a result of Defendant's discriminatory conduct, Plaintiff has suffered serious damages, including, *inter alia,* mental anguish and other emotional pain and suffering, and general and special damages for lost compensation and job benefits.

## **PRAYER FOR RELIEF**

**WHEREFORE PREMISES CONSIDERED,** Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1. Back wages and reinstatement; or
2. Future wages in lieu of reinstatement;
3. Compensatory damages;
4. Liquidated damages;
5. Punitive damages;
6. Lost Benefits;
7. Pre-judgment and post-judgment interest;
8. Attorney fees and costs; and
9. Such other relief as the Court deems just and appropriate.

THIS the 19th day of October 2020.

                              Respectfully submitted,
                              MELISSA WHITE, PLAINTIFF

                By:    /s/Louis H. Watson, Jr.
                              Louis H. Watson, Jr.  (MB# 9053)
                              Nick Norris (MB# 101574)
                              Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
1880 Lakeland Drive, Suite G
Jackson, Mississippi 39216-4972
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com
Email: nick@watsonnorris.com